Mario Pittoni, J.
The defendant, Gladys Irizarry, applies for a certificate of reasonable doubt and for admittance to bail pending the' determination of her appeal to the Appellate Division. The defendant was found guilty by a verdict of a jury of grand larceny in the second degree on three counts and sentenced to imprisonment in New York State Reformatory for Women. An appeal from this judgment of conviction has been filed.
In her application for a certificate of reasonable doubt the defendant urges two reasons for the granting of the certificate: one, that the court erred in defining the law on reasonable doubt and in denying her counsel’s request to instruct the jury that reasonable doubt may be found not only from the evidence in the case but from the lack of evidence. This court finds no substance in that contention. Secondly, that the court erred in defining the law with respect to the value of the merchandise which were the subject of the larceny as set forth in the indictment.
With respect to the value of the merchandise involved this court charged.the jury as follows:
‘ ‘ According to the Penal Law the market value of the things stolen is deemed its value. * * * Unfortunately for us, the Legislature did not go further than saying market value. Perhaps some of you know what market value means.
“We have no cases in New York which help us in determining what is market value. You will be the ultimate judges as to what is market value and what was the market value in this case in issue under the three counts involved here.
“ I say this to you, that market value is determined by considering what that garment would bring on the market under selling circumstances and conditions similar to those of the owners in this case. * * *
“ Now, in coming to this decision consider the following matters or considerations. The wholesale value of the garments, consider the prices paid by the owners. Consider the prices at which the owners sold similar garments. Consider, too, the price at which owners similarly situated under similar circumstances and under similar conditions sold similar garments, and also consider prices ordinarily paid by customers for similar garments. ’ ’
The day before summations and the charge to the jury, this court requested both the District Attorney and defense counsel *1021 to give to the court requests to charge on the issue of market value as defined by section 1305 of the Penal Law. It is there stated that “ In every ease not otherwise regulated by statute, the market value of the thing stolen is deemed its value.” Neither the District Attorney nor the defense attorney submitted any requests to charge on this point.
This court is aware of no New York case wherein market value of merchandise such as was involved here was defined, nor does it feel that it is so infallible as to conclusively foretell that an appellate court will approve the definition of market value and the standards given to the jury in making such a determination. The meaning of “ market value ” in a criminal case is of sufficient importance to be clarified by a decision rendered by an appellate court. Upon the meaning of that phrase may rest a conviction for a felony or a misdemeanor. Under the circumstances, a certificate of reasonable doubt is hereby granted and the defendant is admitted to bail during the pendency of the appeal, upon furnishing a proper undertaking: in the sum of $15,000.
Submit order.